CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
February 13, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER W. JUSTUS, | ) |
| Plaintiff, | ) Civil Action No. 7:25cv381 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| BUCHANAN COUNTY, et al., | ) By: Robert S. Ballou |
| Defendants. | ) United States District Judge |

Plaintiff Christopher W. Justus, a Virginia inmate proceeding *pro se*, has filed this action under 42 U.S.C. § 1983 against Buchanan County, the Virginia State Police, Southwestern Virginia Regional Jail Authority, Buchanan County Sheriff's Office, and an unknown defendant. He alleges that the state police, K-9 officers, and jailer from the Southwestern Virginia Regional Jail in Haysi beat him and that he has been subjected to a pattern of mental and physical abuse for several years by Buchanan County for continually violating his probation. Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), I must dismiss this complaint because improper defendants have been named and because Justus has failed to state a claim for which relief may be granted.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Buchanan County, the Virginia State Police, the Sheriff's Office, and the Regional Jail Authority are not "persons" within the meaning of the act.

The Virginia State Police is an arm of the state, and as such, it has sovereign immunity from suit under the Eleventh Amendment. *Benton v. Layton*, 628 F. Supp. 3d 661, 666 (E.D. Va.

2022) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).). Plaintiff's claim against the Virginia State Police will be dismissed with prejudice, as a party immune from suit.

Buchanan County, the Sheriff's Office, and the local Jail Authority, as local or municipal government agencies, can only be sued under § 1983 if the alleged unconstitutional actions against plaintiff were pursuant to a policy or custom adopted by the agency itself. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978). Justus has not made any allegations to support such liability. Nor can these agencies be held vicariously liable for the actions of their employees because of that employment relationship. Vicarious liability (or *respondeat superior*) does not apply to § 1983 cases. *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

Justus has not identified the individuals who allegedly beat him. Those are the people against whom he would need to state his claim for excessive force. A proper complaint must identify each person that violated his rights as a defendant, and the plaintiff must specifically describe what actions were taken by each defendant to violate his rights. The complaint should also describe when and where those actions occurred.

As stated, plaintiff's claim that he has been abused over several years by continued probation violations does not state a claim for which relief may be granted. He has failed to say what conduct violated his constitutional rights, and he has not identified any person who violated his constitutional rights while violating his probation. Even if some constitutional right were violated, unless the right was clearly established at the time of the violation, qualified immunity would protect the defendant. *See Jones v. Chandrasuwan*, 76 F. Supp. 3d 603, 616 (M.D. N.C. 2014) ("Having found that no constitutional right was violated, this court need not delve into the

question of whether . . . a government official's conduct violates clearly established statutory or constitutional rights . . .").

Plaintiff is free to file properly stated claims against proper defendants, should he be inclined to do so.  An appropriate order will be entered this day.

Enter:  February 13, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

question of whether . . . a government official's conduct violates clearly established statutory or constitutional rights . . .").

Plaintiff is free to file properly stated claims against proper defendants, should he be inclined to do so.  An appropriate order will be entered this day.

Enter:  February 13, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

question of whether . . . a government official's conduct violates clearly established statutory or constitutional rights . . .").

Plaintiff is free to file properly stated claims against proper defendants, should he be inclined to do so.  An appropriate order will be entered this day.

Enter:  February 13, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge